IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

UNITED STATES OF AMERICA

v.

MARLON MICHAEL BRUFF,
a/k/a "Big Bro"

Criminal No. 7:22-cr-00779-DCC

**PLEA AGREEMENT**

## General Provisions

This PLEA AGREEMENT is made this $5_{TH}$ day of $MAY$ , 2023, between the United States of America, as represented by United States Attorney ADAIR F. BOROUGHS; Assistant United States Attorney Christopher B. Schoen; the Defendant, **MARLON MICHAEL BRUFF**; and Defendant's attorney, Joshua Snow Kendrick.

IN CONSIDERATION of the mutual promises made herein, the parties agree as follows:

1.   The Defendant agrees to plead guilty to Counts 1 and 2 of the Superseding Indictment now pending. The specific charges, the penalties for these offenses, and the elements the Government is required to prove to sustain its burden of proof are set forth below by Count:

### Count 1

Count 1 charges **MARLON MICHAEL BRUFF** with conspiracy:

a.   To engage in the business of dealing in firearms without a license, in violation of Title 18, United States Code, Section 922(a)(1)(A);

b.   To make false statements with regard to the acquisition of firearms from licensed firearm dealers, in violation of Title 18, United States Code, Section 922(a)(6);

c.   To knowingly possess and receive firearms that had been shipped and transported in interstate and foreign commerce from which manufacturer's serial number had been

Page 1 of 9

removed, altered, and obliterated, in violation of Title 18, United States Code, Sections 922(k) and 924(a)(1)(B);

d. To transfer and dispose of firearms to persons they knew and had reasonable cause to know had been convicted of a crime punishable by imprisonment for a term exceeding one year, in violation of Title 18, United States Code, Section 922(d)(1);

e. To ship, transport, and receive firearms and ammunition in interstate and foreign commerce with knowledge and reasonable cause to believe any other felony offense punishable by a term exceeding one year is to be committed, in violation of Title 18, United States Code, Section 924(b);

f. To use a common and contract carrier to ship firearms and ammunition in foreign commerce, to a person other than a licensed importer, manufacturer, dealer, or collector, without providing written notice to the carrier that firearms and ammunition were being transported and shipped, in violation of Title 18, United States Code, Section 922(e);

g. To knowingly cause shippers to file false Shippers Export Declarations through the Automated Export System, by misrepresenting the contents of shipments containing firearms and ammunition and failing to declare the firearms and ammunition, in violation of Title 13, United States Code, Section 305; and,

h. To fraudulently and knowingly attempt to export and send merchandise, articles, and objects from the United States to Trinidad and Tobago contrary to the laws and regulations of the United States, in violation of Title 18, United States Code, Section 554.

To sustain its burden of proof, the Government is required to prove:

a) That two or more persons agree to do something which federal law prohibits;

b) That the Defendant knew of the conspiracy and willfully joined the conspiracy; and

c) That at some time during the existence of the conspiracy, in the District of South

Carolina, one of the members of the conspiracy performed the overt acts charged in the

Superseding Indictment to accomplish the object and purpose of the agreement.

The penalty for this offense is:

Up to five years in prison, a fine of $250,000.00, up to three years supervised release, and special assessment of $100.

## Count 2

Count 2 charges **MARLON MICHAEL BRUFF** with being a felon in possession of

firearms, in violation of Title 18, United States Code, § 922(g)(1), 924(a)(2), and 924(e).

To sustain its burden of proof, the Government is required to prove:

a) that the Defendant previously had been convicted of a crime punishable by a term of

imprisonment exceeding one year;

b) that the Defendant knew he had previously been convicted of a crime punishable by a

term of imprisonment exceeding one year;

c) that the Defendant knowingly possessed, transported, shipped, or received the firearms;

and,

d) that the possession was in or affecting commerce because the firearms had traveled in

interstate or foreign commerce at some point during their existence.

The penalty for these offenses is as follows:

Title 18, United States Code, § 922(g)(1) and 924(a)(2) – a term of imprisonment of up to 10 years, a fine of up to $250,000, a term of supervised release for up to three (3) years in addition to any term of imprisonment, plus a special assessment of $100. If the Defendant has three (3) prior qualifying convictions under Title 18 United States Code, § 924(e) – a term of imprisonment of at least 15 years and up to Life, a fine of up to $250,000, a term

of supervised release for up to five (5) years in addition to any term of imprisonment, plus a special assessment of $100.

2.    The Defendant understands and agrees that monetary penalties (e.g., special assessments, restitution, fines and other payments required under the sentence) imposed by the Court are due and payable immediately and subject to enforcement by the United States as civil judgments, pursuant to 18 U.S.C. § 3613. In the event the Court imposes a schedule for payment of restitution, the Defendant also understands that payments made in accordance with installment schedules set by the Court are minimum payments only and do not preclude the government from seeking to enforce the judgment against other assets of the Defendant at any time, as provided in 18 U.S.C. §§ 3612, 3613, and 3664(m). The Defendant further agrees to enter into the Bureau of Prisons Inmate Financial Repayment Program if sentenced to a term of incarceration with an unsatisfied monetary penalty. The Defendant further understands that any monetary penalty imposed is not dischargeable in bankruptcy.

3.    Special Assessment: Pursuant to 18 U.S.C. § 3013, the Defendant must pay a special assessment of $100.00 for each felony count for which he is convicted. This special assessment must be paid at or before the time of the guilty plea hearing or during participation in the Bureau of Prisons Inmate Financial Repayment Program if this plea results in incarceration.

> A.    Restitution: The Defendant agrees to make full restitution under 18 U.S.C. § 3556 in an amount to be determined by the Court at the time of sentencing, which amount is not limited to the count(s) to which the Defendant pled guilty, but will include restitution to each and every identifiable victim who may have been harmed by his scheme or pattern of criminal activity, pursuant to 18 U.S.C. § 3663. The Defendant agrees to cooperate fully with the Government in identifying all victims. Upon demand, the Defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the Defendant's capacity to satisfy any fines or restitution. The Defendant expressly authorizes the U.S. Attorney's Office to immediately obtain a credit report on the Defendant in order to evaluate the Defendant's ability to satisfy any financial obligation imposed by the Court. The Defendant

>       understands that the Defendant has a continuing obligation to pay in full as
>       soon as possible any financial obligation imposed by the Court.

>   B.   Fines: The Defendant understands that the Court may impose a fine
>        pursuant to 18 U.S.C. §§ 3571 and 3572.

4.      Provided the Defendant complies with all the terms of this Agreement, the United States agrees to move to dismiss the remaining counts of the Superseding Indictment (and any other indictments under this number) at sentencing. The Defendant understands that the Court may consider these dismissed counts as relevant conduct pursuant to § 1B1.3 of the United States Sentencing Guidelines.

5.      The Defendant understands that the obligations of the Government within the Plea Agreement are expressly contingent upon the Defendant's abiding by federal and state laws and complying with any bond executed in this case. In the event that the Defendant fails to comply with any of the provisions of this Agreement, either express or implied, the Government will have the right, at its sole election, to void all of its obligations under this Agreement and the Defendant will not have any right to withdraw his plea of guilty to the offense(s) enumerated herein.

## Forfeiture

6.      The Defendant agrees to voluntarily surrender, and not to contest the forfeiture of any and all assets and property, or portions thereof, which are subject to forfeiture pursuant to any provision of law, including but not limited to, property in the possession or control of the Defendant or Defendant's nominees. Specifically, the Defendant agrees to voluntarily surrender, and not contest the forfeiture of property identified in the Superseding Indictment, and any forfeiture Bill of Particulars.

With regard to each and every asset listed in the Superseding Indictment or seized in a

related investigation or administrative, state, or local action, the Defendant stipulates and

agrees:

The Defendant agrees and consents to the forfeiture of these assets pursuant to any federal criminal, civil judicial or administrative forfeiture action. The Defendant also hereby agrees to waive all constitutional, statutory and procedural challenges in any manner (including direct appeal, habeas corpus, or any other means) to any forfeiture carried out in accordance with this Plea Agreement on any grounds, including that the forfeiture described herein constitutes an excessive fine, was not properly noticed in the charging instrument, addressed by the Court at the time of the guilty plea, announced at sentencing, or incorporated into the judgment.

To its forfeiture herein, if necessary as substitute property under 21 U.S.C. § 853(p), as made applicable by 18 U.S.C. § 982(b)(1) or any other statute, or in a separate administrative or civil judicial proceeding.

That the Defendant has or had a possessory interest or other legal interest in each item or property.

To assist the United States in the recovery of all assets by (i) taking whatever steps are necessary or requested by the United States to pass clear title to the United States; (ii) preventing the disbursement of any moneys and sale of any property or assets; (iii) not encumbering or transferring any real estate after the Defendant's signing of this Plea Agreement; and (iv) directing all financial institutions to turn over and surrender to the United States all funds and records regarding accounts listed in any document signed by the Defendant pursuant to this plea agreement, as criminal proceeds or substitute property.

The Defendant waives all rights to notice of forfeiture under Rule 32.2 and of any other action or proceeding regarding such assets. The Defendant consents and waives all rights to compliance by the United States with any applicable deadlines under 18 U.S.C. § 983(a). Any related administrative claim filed by the Defendant is hereby withdrawn.

Pursuant to Rule 32.2(b)(4), the Defendant agrees that the preliminary order of forfeiture will satisfy the notice requirement and will be final as to the Defendant at the time it is entered. In the event the forfeiture is omitted from the judgment, the Defendant agrees that the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36.

If the United States discovers that the Defendant has not fully disclosed all assets, the United States may seek forfeiture of any subsequently-discovered assets, and the Defendant agrees to the immediate forfeiture of any such assets.

Page 6 of 9

The Defendant further agrees to make a full and complete disclosure of all assets over which Defendant exercises control and those which are held or controlled by nominees. The Defendant agrees that Federal Rule of Criminal Procedure 11 and U.S.S.G. § 1B1.8 will not protect from forfeiture, assets disclosed by the Defendant as part of his cooperation. The Defendant further agrees to submit to a polygraph examination on the issue of assets if it is deemed necessary by the United States.

The Defendant agrees to waive any double jeopardy claims the Defendant may have as a result of a forfeiture proceeding against any of these properties as provided for by this Plea Agreement and agrees to waive any claims that the forfeiture described herein constitutes an excessive fine.

Forfeiture of the Defendant's assets shall not be treated as satisfaction of any fine, restitution, cost of imprisonment, or any other penalty the Court may impose upon the Defendant in addition to forfeiture. The United States may use the value of forfeited property for restitution, but is not required to do so.

7.     The Defendant also agrees to voluntarily transfer all right, title, interest and claim in the above-described property and/or assets to the United States of America. Furthermore, the Defendant attests, under penalty of perjury, that the Defendant owns the above-described property and/or assets free of any liens and encumbrances, and that no other person or entity has a claim to the above-described property and/or assets.

### Merger and Other Provisions

8.     The Defendant represents to the Court that he has met with his attorney on a sufficient number of occasions and for a sufficient period of time to discuss the Defendant's case and receive advice; that the Defendant has been truthful with his attorney and related all information of which the Defendant is aware pertaining to the case; that the Defendant and his attorney have discussed possible defenses, if any, to the charges in the Superseding Indictment including the existence of any exculpatory or favorable evidence or witnesses, discussed the Defendant's right to a public trial by jury or by the Court, the right to the assistance of counsel throughout the proceedings, the right to call witnesses in the Defendant's behalf and compel their attendance at trial by subpoena, the right to confront and cross-examine the Government's witnesses, the Defendant's right to

testify in his own behalf, or to remain silent and have no adverse inferences drawn from his silence; and that the Defendant, with the advice of counsel, has weighed the relative benefits of a trial by jury or by the Court versus a plea of guilty pursuant to this Agreement, and has entered this Agreement as a matter of the Defendant's free and voluntary choice, and not as a result of pressure or intimidation by any person.

9.      The Defendant is aware that 18 U.S.C. § 3742 and 28 U.S.C. § 2255 afford every defendant certain rights to contest a conviction and/or sentence. Acknowledging those rights, the Defendant, in exchange for the concessions made by the Government in this Plea Agreement, waives the right to contest either the conviction or the sentence in any direct appeal or other post-conviction action, including any proceedings under 28 U.S.C. § 2255. This waiver does not apply to claims of ineffective assistance of counsel, prosecutorial misconduct, or future changes in the law that affect the defendant's sentence. This agreement does not affect the rights or obligations of the Government as set forth in 18 U.S.C. § 3742(b). Nor does it limit the Government in its comments in or responses to any post-sentencing matters.

10.     The Defendant waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

11.     The parties hereby agree that this Plea Agreement contains the entire agreement of the parties; that this Agreement supersedes all prior promises, representations and statements of the parties; that this Agreement shall not be binding on any party until the Defendant tenders a plea of guilty to the court having jurisdiction over this matter; that this Agreement may be modified only

in writing signed by all parties; and that any and all other promises, representations and statements, whether made prior to, contemporaneous with or after this Agreement, are null and void.

5/5/2023
Date

X
MARLON MICHAEL BRUFF
Defendant

5/5/2023
Date

Joshua Snow Kendrick
Defense Attorney

ADAIR F. BOROUGHS
UNITED STATES ATTORNEY

5/5/2023
Date

Christopher B. Schoen
Assistant United States Attorney